NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 21 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS K. HOOLEY,

          Petitioner - Appellant,

v.

BREE DERRICK,

          Respondent - Appellee.

No. 24-6043

D.C. Nos.
1:16-cv-00418-REP
1:23-cv-00162-REP

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Raymond Edward Patricco, Jr., Magistrate Judge, Presiding

Submitted April 17, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Thomas K. Hooley appeals from the district court's judgment denying his 28

U.S.C. § 2254 habeas corpus petition challenging his Idaho conviction for first-

degree kidnapping and aiding and abetting aggravated battery.  We review de novo

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's denial of habeas relief. *Demetrulias v. Davis*, 14 F.4th 898, 905 (9th Cir. 2021). As the parties are familiar with the facts, we do not recount them here. We affirm.

Hooley alleged that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose a version of an officer safety alert that contained handwritten notations. The district court held that Hooley procedurally defaulted his *Brady* claim because the Idaho Supreme Court had found it untimely, and Hooley does not challenge that procedural default determination on appeal. A federal district court can hear the merits of a procedurally defaulted claim only if the petitioner meets one of two exceptions: (l) a showing of adequate legal "cause" for the default and "prejudice" arising from the default, *Murray v. Carrier*, 477 U.S. 478, 485 (1986); or (2) a fundamental miscarriage of justice, which means that "a constitutional violation has probably resulted in the conviction of one who is actually innocent," *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citation omitted).

1. Hooley argues that the Covid pandemic and related prison restrictions are sufficient "cause" for the procedural default of his *Brady* claim. However, Hooley raises this issue for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam) (noting that this court generally will not review issues raised for the first time on appeal). Moreover, even if we liberally construe Hooley's pro se pleadings and assume that he fairly presented this issue in

the district court, Hooley has not established "prejudice" because the *Brady* evidence viewed in light of the trial evidence as a whole (both described below) does not show a "reasonable probability of a different result" at trial. *Banks v. Dretke*, 540 U.S. 668, 699 (2004) (citation omitted).

2.   To invoke the actual innocence exception, "a 'petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (quoting *Schlup*, 513 U.S. at 327).

Here, the main trial evidence against Hooley was the testimony of the victim (Jason Given) and Hooley's alleged co-assailant (Ryan Cunningham), both of whom identified Hooley.  Hooley's new evidence consists of: (1) handwritten notations on an officer safety alert (the subject of his *Brady* claim); and (2) affidavits of two inmates who said Given and Cunningham told the inmates that Hooley was framed.

However, considering all the new evidence along with the trial evidence, Hooley has failed to satisfy the extraordinarily high *Schlup* actual innocence exception to excuse his procedural default.  *See Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002) (en banc) (holding that newly presented impeachment evidence did not meet the actual innocence exception because it did not "cast doubt on the first-hand account of the victim, who positively identified [the petitioner] as

the [perpetrator] in open court").

**AFFIRMED**.